## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 21- 20086-Civ-COOKE/DAMIAN

NEWTON GOMEZ, an individual,

    Plaintiff,
v.

TEAM AMERICA MIAMI, INC., a New
York Corporation,

    Defendant.
_____/

### **PLAINTIFF'S MOTION TO DEEM TEAM AMERICA SERVED**

Plaintiff, NEWTON GOMEZ, by and through his undersigned counsel, hereby files this motion to deem Defendant TEAM AMERICA MIAMI, INC. served and support states as follows:

1. Plaintiff filed his Complaint on January 7, 2021 [D.E. 1] and immediately attempted to serve Defendant, TEAM AMERICA MIAMI, INC. and engaged the services of a process server.

2. Defendant, TEAM AMERICA MIAMI, INC., is a foreign corporation organized under the laws of New York.

3. The Court's January 26, 2021 Order [D.E. 4], ordered Plaintiff to expedite service and serve Defendant within sixty (60) days of the Order.

4. However, Defendant despite Plaintiff's attempts, Plaintiff has been unable to effect personal service on Defendant.

5. Plaintiff's process server attempted service at the Defendant's registered agent's address at 1850 Collins Avenue, Miami Beach, Florida several times without success and it is clear that Defendant is not maintaining the office of the process server in accordance with Section 48.09, Fla. Stat., which requires a corporation from 10 a.m. to 12 noon each day except weekends and legal holidays.

6. Multiple attempts at service have resulted in the process server finding the location to be of a hotel which is closed and not finding any signage related to the Defendant on the premises. Please see Returns of Service attached hereto as Exhibit A and B.

7. On January 13, 2021, Plaintiff's process server attempt service at the Defendant's registered agent at address 1850 Collins Avenue, Miami Beach, Florida 33139 and was unable to do so. (See Return of Non-Service attached hereto as Exhibit "A").

8. On February 9, 2021, Plaintiff's process server attempt service at the Defendant's registered agent at address 1849 James Avenue, Miami Beach, Florida 33139 and was unable to do so. (See Exhibit "A").

9. On February 11, 2021, Plaintiff's process server attempt service at the Defendant's registered agent at address 1850 Collins Avenue, Miami Beach, Florida 33139 and was unable to do so. (See Exhibit "A").

10. After multiple attempts to serve the registered agent, Plaintiff's engaged the services of a process server in New York City to serve Defendant at its principal address pursuant to filings with the Florida Secretary of State.

11. On February 18, 2021, Plaintiff's process server attempt service at the Defendant's registered agent at address 33 West 46th Street, New York, New York 10036 and was unable to do so due to the storefront being closed due to Covid. (See Affidavit of Service attached hereto as Exhibit "C").

12. On February 22, 2021, Plaintiff's process server attempt service at the Defendant's registered agent at address 33 West 46th Street, New York, New York 10036 and was unable to do so due to the storefront being closed. (See Exhibit "C").

13. On February 23, 2021, Plaintiff's process server attempt service at the Defendant's registered agent at address 33 West 46th Street, New York, New York 10036 and was unable to do so due to the storefront being closed. (See Exhibit "C").

14. Plaintiff's process server conducted a skip trace for Defendant's registered agent and sole corporate officer, Vincenzo Perretta which provided the process server with a second New York City address.

15. On March 2, 2021, Plaintiff's process server attempt service at the Defendant's registered agent at address 425 West 53rd Street, PH 10, New York, New York 10019 and was unable to do so due to no response at the home address. (See Affidavit of Service attached hereto as Exhibit "C").

16. On March 4, 2021, Plaintiff's process server attempt service at the Defendant's registered agent at address 425 West 53rd Street, PH 10, New York, New York 10019 and was unable to do so due to no response at the home address. (See Exhibit "C").

17. On March 6, 2021, Plaintiff's process server attempt service at the Defendant's registered agent at address 425 West 53rd Street, PH 10, New York, New York 10019 and was unable to do so due to no response at the home address. (See Exhibit "C").

18. Defendant lists only one officer, who is the same as its registered agent, Vincenzo Perretta.

19. As a result of the pandemic and closings in New York City, Plaintiff has faced several unique challenges in serving Defendant, despite Plaintiff's diligent efforts to do so.

20. As Plaintiff has been unable to personally serve Defendant, Plaintiff sent a copy of the process and initial pleading to the Florida Secretary of State, pursuant to Section 48.161, Fla. Stat.

21. The statute permits substitute service on non-residents who conceal their whereabouts

22. The Florida Department of State, Division of Corporations issued a letter that confirmed that process and initial pleadings was accepted for TEAM AMERICA MIAMI, INC.

23. Pursuant to the statute, Plaintiff sent via certified mail a copy of the letter from the Florida Department of State, the Complaint and the summons to the address listed for Defendant's registered agent. That letter was returned to sender. A copy of the returned mail is attached hereto as Exhibit D.

24. A search of the tracking number for the certified mail shows that it was initially delivered in Miami beach on May 25, 2021, prior to it being returned to sender. A copy of the tracking history is attached hereto as Exhibit E.

25. Realizing that Defendant was actively evading service, Plaintiff amended his Complaint filed on August 17, 2021, to reflect allegations that Defendant was evading service.

26. In a letter dated September 3, 2021, the Florida Department of State, Division of Corporations accepted served for Defendant. A copy of the letter is attached hereto as **Exhibit H.**

27. Pursuant to the statute, Plaintiff sent the same mailings to the address that had been previously identified as being associated with either Defendant or its principal and registered agent VINCENZO PERRETTA, and the notes from the United States Post Office indicate that the mail was refused.

28. Per the statute, Plaintiff also sent the return from Florida's Secretary of State to all the address listed above via certified mail. To date, Plaintiff has only received two of the returns from the United States Post office:

    a. The mailing to 33 West 46th Street, New York, New York, a copy of the envelope is attached hereto as **Exhibit F**, was returned to Sender with the note that "addressee was not at location" it also contained a handwritten note that said "refused"; and

    b. The mailing sent to 425 West 53rd Street, New York, New York, a copy of the envelope is attached hereto as **Exhibit G**, was returned to sender with the note "not deliverable as addresses unable to forward."

29. Plaintiff has employed a variety of good faith efforts to serve Defendant, and in effort to do so, even after receiving the acceptance from the Florida Department of State, Plaintiff re-attempted service on Defendant's registered agent at yet another Miami address Plaintiff believes to be owned by Mr. Perretta, the registered agent and sole corporate officer for Defendant[1].

30. It is clear that Defendant is avoiding service at all costs and even apparently refusing mailings.

31. Plaintiff has filed a notice of compliance with Section 48.161, Fla. Stat. as Plaintiff has sent the process to the secretary of state and sent a copy to the registered agent's address.

32. This extension is sought in good faith and not for the purposes of undue delay.

## SUPPORTING MEMORANDUM OF LEGAL AUTHORITY

"A district court retains the inherent authority to manage its own docket," which will be reviewed only for an abuse of discretion. *See, e.g., Wilson v. Farley,* 203 Fed.Appx. 239, 250 (11th Cir. 2006) (*citing Four Seasons Hotels and Resorts, B.V. v. Consorcio Barr S.A.,* 377 F.3d 1164, 1172 n. 7 (11th Cir.2004)). The decision whether to amend the Order is subject to the Court's

---

[1] Property records demonstrate that the property is owned by an individual named Vincenzo Perretta.

"inherent authority [and discretion] to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" *Equity Lifestyle Prop., Inc. v. Fla. Mowing And Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (citing *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43, 111 S.Ct. 2123, 2132, 115 L.Ed.2d 27 (1991)).

Plaintiff filed his Complaint on January 7, 2021 [D.E. 1] and immediately attempted to serve Defendant, TEAM AMERICA MIAMI, INC. and engaged the services of a process server. The Court's January 26, 2021 Order [D.E. 4], ordered Plaintiff to expedite service and serve Defendant within sixty (60) days of the Order.

The deadline for the plaintiff to serve Defendant, TEAM AMERICA MIAMI, INC. is currently March 29, 2021. However, Defendant despite Plaintiff's attempts, Defendant has not yet been served.

WHEREFORE, Plaintiff respectfully requests this Court deem Defendant, TEAM AMERICA MIAMI, INC. to have been properly served pursuant to Section 48.161, Fla. Stat.

DATED: February 17, 2022

Respectfully Submitted,

**GARCIA-MENOCAL & PEREZ, P.L.**
*Attorneys for Plaintiff*
4937 SW 74th Court, No. 3
Miami, FL 33155
Telephone: (305) 553-3464
Facsimile: (305) 553-3031
Primary E-Mail:  ajperez@lawgmp.com
Secondary E-Mail: dperaza@lawgmp.com
bvirues@lawgmp.com

By:   /s/ Anthony J. Perez
         ANTHONY J. PEREZ
         Florida Bar No.: 535451

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via the Court's electronic filing system upon all parties of record on February 17, 2021.

**GARCIA-MENOCAL & PEREZ, P.L.**
*Attorneys for Plaintiff*
4937 SW 74th Court, No. 3
Miami, FL 33155
Telephone: (305) 553-3464
Facsimile: (305) 553-3031
Primary E-Mail: ajperez@lawgmp.com
Secondary E-Mail: dperaza@lawgmp.com
bvirues@lawgmp.com


By: ___/s/ Anthony J. Perez_____
    ANTHONY J. PEREZ
    Florida Bar No.: 535451