UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-cv-20086-COOKE/DAMIAN

NEWTON GOMEZ,

    Plaintiff,

vs.

TEAM AMERICA MIAMI, INC.,

    Defendant.

_____/

### ORDER DENYING MOTION TO DEEM TEAM AMERICA SERVED

THIS CAUSE is before the Court on Plaintiff, Newton Gomez's ("Plaintiff" or "Gomez"), Motion to Deem Defendant, Team America Miami, Inc., Served, filed February 17, 2022 [ECF No. 21] (the "Motion"). This matter was referred to the undersigned on May 4, 2022, by the Honorable Marcia G. Cooke, United States District Judge, for issuance of an Order. [ECF No. 23]. *See* 28 U.S.C. § 636.

THIS COURT has reviewed the Motion and its exhibits and the pertinent portions of the record and is otherwise fully advised in the premises.

**I. BACKGROUND**

As set forth in Plaintiff's Motion and discussed below, Plaintiff alleges he has encountered significant difficulty attempting to effect service of process on Defendant, Team America Miami, Inc. ("Defendant" or "Team America"), in this employment discrimination lawsuit. After amending his Complaint and attempting to effect service using Florida's substitute service of process statute, Section 48.141, Florida Statutes, Plaintiff filed the instant Motion requesting the Court deem Defendant served under that statute. Unfortunately, as

explained below, Defendant fails to demonstrate he has satisfied the technical requirements of Florida's substitute service statute.

On January 7, 2021, Plaintiff commenced this action against Defendant, his former employer, for alleged employment discrimination based on Plaintiff's "Dominican national origin, Hispanic ethnicity and his Black race." Compl. at ¶ 69 [ECF No. 1]. The next day, a summons was issued for Defendant and directed to its registered agent and sole corporate officer, Vincenzo Perretta ("Perretta"), at the address designated in the Florida Secretary of State's records. [ECF No. 3]. However, when Plaintiff attempted to serve the registered agent at the designated address, he found that address was the Dorchester Hotel, located in Miami Beach, Florida. Perretta could not be found on the hotel premises.

What followed were months of failed attempts by Plaintiff to serve Defendant. A timeline of those efforts is provided below:

| | |
|---|---|
| January 13, 2021 | Plaintiff's first attempt at serving Perretta at the address designated in the Secretary of State's records (the Dorchester Hotel) is unsuccessful. *See* Ex. A [ECF 21-1]. |
| February 9, 2021 | The process server attempts service at the building behind the Dorchester Hotel. *Id.* |
| February 11, 2021 | The process server attempts service at the Dorchester Hotel for a second time. *Id.* |
| February 18, 2021 | Plaintiff attempts to serve Defendant at its principal place of business in New York City, but the storefront was closed due to the Covid-19 pandemic. *See* Ex. C [ECF 21-3]. |
| February 22-23, 2021 | Plaintiff makes a second and third attempt to serve Defendant at its principal place of business in New York, but the storefront is still closed. *Id.* |
| March 2-6, 2021 | Plaintiff makes three attempts to serve Perretta at a second New York address found by the process server. *Id.* |

| | |
|---|---|
| April 9, 2021 | Plaintiff attempts to serve Perretta at the Dorchester Hotel a third time. *See* Ex. B [ECF 21-2]. |
| April 16, 2021 | Plaintiff's fourth attempt to find Perreta at the Dorchester Hotel address is unsuccessful. *Id*. |

Based on the events detailed above, Plaintiff amended his Complaint to include allegations that Defendant was evading service. *See* Am. Compl. [ECF No. 13]. Plaintiff then proceeded to attempt service of the Amended Complaint pursuant to Section 48.161, Florida Statutes, which provides the method for substitute service of process on a nonresident who conceals his or her whereabouts. *See* Fla. Stat. § 48.161. "When authorized by law," Section 48.161 allows service on "a public officer designated by law" to be "sufficient service on a defendant who has appointed a public officer as his or her agent for notice of process." *Id*. Plaintiff alleges that, pursuant to the statute, he sent a copy of the Complaint and Summons to the Florida Secretary of State. [ECF No. 21] at ¶ 20.

In a letter dated September 3, 2021, the Secretary of State acknowledged acceptance of a copy of the process and the Amended Complaint for Defendant. Ex. H to the Mot. [ECF 21-8]. Plaintiff claims he then mailed copies of the September 3rd letter, the Amended Complaint, and the Summons to the designated address for Defendant's registered agent (the Dorchester Hotel) pursuant to Section 48.161. [ECF No. 21] at ¶ 23. However, the letter was returned to sender. *See* Ex. D [ECF No.21-4]. Plaintiff also sent the mailings to Defendant's principal place of business and a second address found for Perretta in New York City, but both these mailings were also returned to sender. *See* Exs. F, G [ECF Nos. 21-6, 21-7]. Plaintiff now requests that the Court deem Defendant served based on Plaintiff's efforts detailed in the Motion. In support of the Motion, Plaintiff claims to have filed a notice of compliance with Section 48.161, Florida Statutes. [ECF No. 21] at ¶ 31. However, no notice or affidavit of

3

compliance is found in the Court's docket. As discussed below, an affidavit of compliance with Section 48.161 is required by the statute.

## II. APPLICABLE LEGAL STANDARD

### a. *Service of Process on Corporations in Florida*

Under Rule 4 of the Federal Rules of Civil Procedure, a party may effect service of process on an individual defendant by following the state law for service in the state where the district court is located or by "delivering a copy of the summons and of the complaint to the individual personally," "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there," or "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e). The general rule is that a defendant must be personally served. *Societe Hellin, S.A. v. Valley Commercial Capital, LLC*, 254 So. 3d 1018, 1020 (Fla. 4th DCA 2018).

Rule 4 also provides for service on a domestic or foreign corporation located within the United States in one of two ways:

(A) in the manner prescribed by Rule 4(e)(1) of the Federal Rules of Civil Procedure for serving an individual; or
(B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(h)(1).

To help facilitate personal service on corporations in Florida, every corporation conducting business in the State must comply with the requirements set forth in Section 48.091, Florida Statutes. Section 48.091 requires every corporation to designate a registered agent and a registered office which must be kept open from 10 a.m. to 12 p.m. between Monday and Friday to accept personal service of process. Fla. Stat. § 48.091. The corporation

must also keep a sign posted in a conspicuous place designating the name of the corporation and the name of its registered agent on whom process can be served. *Id.*

### b. Requirements for Substitute Service

As an exception to the general rule that a defendant must be personally served, Section 48.181, Florida Statutes, authorizes substitute service on nonresidents in Florida or on defendants who are concealing their whereabouts. *See Pelycado Onroerend Goed B.V. v. Ruthernberg*, 635 So. 2d 1001, 1003 (Fla. 5th DCA 1994); *Mecca Multimedia, Inc. v. Kurzbard*, 954 So. 2d 1179, 1182 (Fla. 3d DCA 2007). Under Florida's substitute service statute, the Florida Secretary of State is automatically appointed as an agent for service of process on out-of-state corporations operating, conducting, engaging in, or carrying on a business or business venture in Florida. Fla. Stat. § 48.181.

There are three requirements a plaintiff must satisfy in order to serve process under Section 48.181: (1) demonstrate the exercise of due diligence in attempting to locate the defendant; (2) make the necessary jurisdictional allegations in the complaint; and (3) strictly comply with the technical requirements of Section 48.161.

To satisfy the due diligence requirement, a plaintiff must demonstrate that he or she reasonably employed knowledge at his or her command, made diligent inquiry, and exerted an honest and conscientious effort appropriate to the circumstances, to acquire the information necessary to enable him or her to effect personal service on the defendant. *See Alvarado-Fernandez v. Mazoff*, 151 So. 3d 8, 17 (Fla. 4th DCA 2014) (citations omitted).

Next, the plaintiff must make the "necessary jurisdictional allegations in his complaint to clearly bring himself within the ambit of the statute." *Mecca*, 954 So. 2d at 1182. The three jurisdictional requirements of Section 48.181 are that (1) the defendant is either: a

nonresident, a resident of Florida who subsequently became a nonresident, or a resident of Florida concealing his or her whereabouts; (2) the defendant operates, conducts, engages in, or carries on a business or business venture in Florida, or has an office or agency in the state; and (3) the cause of action arose from these business activities. *See Ganpat v. Aventure Inv. Realty, Inc.*, No. 20-60816-CIV, 2021 WL 2814922, at *6 (S.D. Fla. May 7, 2021) (Snow, J.) *report and recommendation adopted*, No. 20-60816-CIV, 2021 WL 2809556 (S.D. Fla. July 6, 2021); *Farrell v. Royal Caribbean Cruises, Ltd.*, 917 F. Supp. 2d 1248, 1254 (S.D. Fla. 2013) (Lenard, J.).

Finally, a plaintiff must strictly comply with the technical requirements for effecting substitute service set forth in Section 48.161, Florida Statutes. Courts have summarized the technical requirements for substitute service as follows: "(1) the plaintiff must send notice of service and a copy of the process by registered or certified mail to the defendant; (2) the plaintiff must file the defendant's return receipt; and (3) the plaintiff must file an affidavit of compliance." *Fameflynet, Inc. v. Oxamedia Corp.*, No. 17-80879-CIV, 2018 WL 8244525, at *2 (S.D. Fla. May 1, 2018) (Marra, J.) (internal quotations omitted).

### III.   ANALYSIS

The Court now analyzes whether Plaintiff satisfied the requirements for substitute service under Sections 48.181 and 48.161 by first considering whether Plaintiff demonstrated due diligence in attempting to locate Defendant before he attempted substitute service and then whether Plaintiff complied with the jurisdictional and technical requirements of the statutes.

### a. Due Diligence

Plaintiff attempted to personally serve Defendant at the address for its registered agent on at least four separate occasions. Exs. A, B to the Mot. [ECF Nos. 21-1, 21-2]. Defendant's "registered office," however, was nothing more than a hotel address. *See id*. Indeed, based on Plaintiff's allegations, it does not appear that Defendant complied with any of the requirements for corporations set forth in Section 48.091, Florida Statutes, including, *inter alia*, keeping a sign posted in a conspicuous place with Defendant's name and the name of its registered agent on whom process can be served or keeping its registered office open from 10 a.m. to 12 p.m. Monday to Friday to accept personal service of process. Fla. Stat. § 48.091. In addition to trying to serve Defendant multiple times at its registered office in Florida, Plaintiff also made several attempts to effect service on Defendant at addresses associated with it in New York City. *See* Ex. C. to the Mot. [ECF No. 21-3].

Due diligence requires "an honest and conscientious effort appropriate to the circumstances." *Ganpat*, No. 20-60816-CIV, 2021 WL 2814922, at *10 (citing *Alvarado-Fernandez*, 151 So. 3d at 17). Here, Plaintiff attempted to serve Defendant at several locations where Defendant or its registered agent may reside, both in Florida and out-of-state. Considering all the circumstances, particularly Defendant's failure to comply with Section 48.091, the Court finds that Plaintiff demonstrated due diligence in attempting to locate and serve Defendant. *See id*. (finding that the plaintiff exercised due diligence where defendants failed to comply with Section 48.091, Florida Statutes.)

Having determined that Plaintiff satisfied the due diligence requirement, the Court next considers whether Plaintiff satisfied the jurisdictional requirements for substitute service.

      b. *Jurisdictional Requirements for Substitute Service*

To satisfy the jurisdictional requirements of Section 48.181, the Complaint must allege that Defendant is either: "(1) a nonresident, (2) a resident of Florida who subsequently became a nonresident, or (3) a resident of Florida concealing [his or] her whereabouts." *Ganpat* No. 20-60816-CIV, 2021 WL 2814922, at *6. The Complaint must also allege that Defendant conducts business or has an office in Florida, and the cause of action arose from these business activities. *Farrell*, 917 F. Supp. 2d at 1254.

Here, the Amended Complaint alleges that Defendant is "a New York corporation that has continuously done a significant amount of business in the state of Florida" and "has maintained an office in Miami-Dade County." [ECF No. 13] at ¶ 5. Further, the Amended Complaint details the factual background described above in Section I and alleges that Defendant and its registered agent are "secreting themselves to evade service of this lawsuit." *Id*. ¶ 65. And, the Amended Complaint alleges that "Defendant engaged in unlawful employment practices at their establishment in Miami-Dade County, Florida in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a), by subjecting GOMEZ to a hostile work environment, based upon his Dominican national origin, Hispanic ethnicity, and his Black race." *Id*. ¶ 69.

Based on the foregoing, the Court finds that the Amended Complaint satisfies the jurisdictional requirements for substitute service. The Court next considers whether Plaintiff has satisfied the technical requirements of Section 48.181.

      c. *Technical Requirements for Substitute Service*

Because substitute service is an exception to personal service, a party must strictly comply with the statutory prerequisites in order to perfect service. *Dixon v. Blanc*, 796 F. App'x

684, 687 (11th Cir. 2020). To strictly comply with the technical requirements for substitute service, Plaintiff must: (1) send notice of service and a copy of the process by registered or certified mail to Defendant; (2) file Defendant's return receipt; and (3) file an affidavit of compliance. *Fameflynet*, No. 17-80879-CIV, 2018 WL 8244525, at *2.

Plaintiff alleges he served the Secretary of State on behalf of Defendant, as demonstrated by a letter, dated September 3, 2021, from the Secretary of State indicating acceptance of service for Defendant. Ex. H to the Mot. [ECF No. 21-8]. Plaintiff claims he then attempted to send notice of service and a copy of the process to Defendant at all the addresses listed above through certified mail but that the mailings were returned to sender as "refused" and "not deliverable" Exs. D, F, G to the Mot. [ECF Nos. 21-4, 21-6, 21-7]. The Court notes that Section 48.161 requires Plaintiff to file the return receipt and affidavit of compliance "on or before the return day of process" and that Plaintiff did not file the return receipt, presumably because the mailings were never actually received or accepted by Defendant. And, although Plaintiff asserts in the Motion that he filed an affidavit of compliance, as required by Section 48.161 (*see* ECF No. 21 at ¶ 31), there is no such affidavit of compliance in the record, so it does not appear Plaintiff did file it. Because Plaintiff did not file either Defendant's return receipt or an affidavit of compliance that conforms with the requirements of Section 48.161, the Court cannot find that Plaintiff to strictly comply with the statutory requirements for substitute service.

## IV. CONCLUSION

Accordingly, based on the foregoing, it is hereby

**ORDERED** and **ADJUDGED** that

1. Plaintiff's Motion to Deem Team America Served [ECF No. 21] is **DENIED**.

2. Within 30 days from the date of this Order, Plaintiff shall effectuate service of process on Defendant and/or demonstrate strict compliance with the requirements of Section 48.161, Florida Statutes.

**DONE** and **ORDERED** in Chambers at Miami, Florida, this 20th day of May, 2022.

_____
MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE

cc: Hon. Marcia G. Cooke
    Counsel of Record